UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR MIMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 401 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Oscar Mims seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Mims was convicted by a jury of one count of conspiracy to distribute and possess with the intent to distribute in excess of 100 grams of heroin. Case No. 4:13 CR 164 RWS. He was sentenced to the statutory minimum sentence of ten years. Mims appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Mims*, 684 Fed. Appx. 593 (8th Cir. 2017). Mims petitioned the Eighth Circuit for rehearing by the panel or rehearing en banc, which was denied on August 9, 2017. [Doc. # 927 in Case No. 4:13 CR 164 RWS]. Mims did not petition the United States Supreme Court for certiorari.

Mims then filed this § 2255 motion *pro se*, raising the following grounds for relief:

1) Ineffective assistance of counsel because appointed counsel failed to file an "entry of appearance;"

2) The Speedy Trial Act was violated;

3) The government failed to prove his guilt beyond a reasonable doubt and the wiretaps should have been suppressed; and

4) prosecutorial and judicial misconduct.

Mims has filed nonsensical pleadings in this case, such as a "Notice re: Conditional Acceptance for Value" [12], which bear no relationship to his § 2255 motion. Mims made similar arguments in his underlying criminal case. They were properly rejected then and now. Grounds 2-4 could have been raised before the Court of Appeals but were not, so they are procedurally barred. Mims' ineffective assistance of counsel claim fails as appointed counsel appeared as counsel of record for petitioner, representing him both in the underlying case and on appeal. I will deny Mims' motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Mims has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal

quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

## B. Grounds 2 Through 4 are Procedurally Barred

"A collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).[1]

---

[1] A movant can also avoid procedural default by demonstrating actual innocence. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." *Id.* (internal quotation marks and citation omitted). Where, as here, the Court of Appeals has found that the evidence was sufficient to support his conviction, Mims cannot claim actual innocence.

Grounds 2-4 of Mims'§ 2255 motion are procedurally barred because they could have been raised on direct appeal but were not.[2] As Mims provides no attempt to allege sufficient cause and prejudice necessary to overcome the procedural default of any of these claims, they will be denied.

### C. Mims Did Not Receive Ineffective Assistance of Counsel

Mims brings a claim of ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Mims must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Mims "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability

---

[2] They are also meritless because Mims waived his speedy trial rights, and the Court of Appeals found the evidence sufficient to convict him. Petitioner's conclusory allegation of prosecutorial and judicial misconduct amounts to nothing more than his dissatisfaction with various rulings and the outcome of his trial. Such a claim is not cognizable in this, or any other, proceeding.

4

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Mims did not receive ineffective assistance from his attorney.

Mims complains that his attorney was constitutionally ineffective because he did not enter his appearance on his behalf. This claim is summarily rejected as the record conclusively demonstrates that appointed counsel [Doc. # 9 in Case No. 4:13 CR 164 RWS] represented petitioner at trial and on appeal. To the extent petitioner is attempting to claim any infirmities in counsel's representation of him, the Court notes that appointed counsel ably represented petitioner throughout the proceedings, despite petitioner's obstreperous demeanor. Any dissatisfaction petitioner has over his conviction and sentence is entirely of his own making and cannot be imputed to ineffectiveness of counsel.

### D. I Will Not Issue a Certificate of Appealability

As Mims has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable

jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Oscar Mims' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Mims has not made a substantial showing of the denial of a federal constitutional right.

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2018.